UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM BAKER,   No. 2:05-cv-0249-MCE-KJM

     Plaintiff,

  v.   ORDER ON MOTION FOR RECONSIDERATION

METROPOLITAN LIFE INSURANCE COMPANY; ALLSTATE INSURANCE LONG TERM DISABILITY BENEFITS PLAN; and DOES 1 thru 10 inclusive,

     Defendants.

----oo0oo----

    In bringing the present Motion for Reconsideration, Defendant Metropolitan Life Insurance Company ("MetLife") asks this Court to reverse the Magistrate Judge's February 2, 2006 Order compelling responses to certain discovery propounded by Plaintiff.

    Plaintiff alleges that MetLife improperly terminated his disability insurance benefits.

///

///

1

1 Because MetLife served as both the Plan Administrator of the
2 ERISA disability plan at issue as well as the funding source of
3 said plan, the Magistrate Judge determined, under <u>Tremain v.</u>
4 <u>Bell</u>, 196 F.3d 970, 976-77 (9th Cir. 1999) that evidence outside
5 the existing administrative record may be considered given the
6 less deferential standard of review that applies in instances
7 where that dual status is present.  The Magistrate Judge hence
8 permitted limited discovery, tailored to Plaintiff's particular
9 claim and to the individuals and policies involved in denying his
10 claim, in order to determine whether MetLife's dual status
11 tainted its ultimate decision.

12      In reviewing a magistrate judge's determination, the
13 assigned judge shall apply the "clearly erroneous or contrary to
14 law" standard of review set forth in Local Rule 72-303(f), as
15 specifically authorized by Federal Rule of Civil Procedure 72(a)
16 and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court
17 must accept the Magistrate Judge's decision unless it has a
18 "definite and firm conviction that a mistake has been committed."
19 <u>Concrete Pipe & Products of Calif., Inc. v. Constr. Laborers</u>
20 <u>Pension Trust for So. Calif.</u>, 508 U.S. 602, 622 (1993).  If the
21 Court believes the conclusions reached by the Magistrate Judge
22 were at least plausible, after considering the record in its
23 entirety, the Court will not reverse even if convinced that it
24 would have weighed the evidence differently.

---

[1] Federal Rule of Civil Procedure 72(a) directs the district
court judge to "modify or set aside any portion of the magistrate
judge's order found to be clearly erroneous or contrary to law."
Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may
reconsider any pretrial order "where it is shown that the
magistrate's order is clearly erroneous or contrary to law."

2

1  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d
2  1137, 1141 (9th Cir. 1997).
3       After reviewing the entire file, this Court cannot say that
4  the Magistrate Judge's decision permitting additional discovery
5  was clearly erroneous as that standard has been defined.  As
6  stated above, the discovery authorized is narrowly drawn and
7  specifically designed to assess whether MetLife's apparent
8  conflict of interest affected its benefits determination.  Since
9  such information would necessarily not be included within the
10 underlying administrative record, denying any attempt to augment
11 that record through, for example, additional discovery would
12 nullify Tremain's directive that additional evidence may be
13 considered to assess the impact of an insurer's dual status.
14      MetLife's request for reconsideration is accordingly DENIED.
15 Defendants are directed to comply with the terms of the
16 Magistrate Judge's February 2, 2006 Order by Monday, July 10,
17 2006.
18
19      IT IS SO ORDERED.
20
21 DATED: June 29, 2006
22
23
24 _____
   MORRISON C. ENGLAND, JR
25 UNITED STATES DISTRICT JUDGE
26
27
28